Tayxor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 This question depends upon the construction of the ninth section of the act of 1777, ch. 2, which directs that various actions therein enumerated, and amongst them, “ all suits on penal statutes,” shall be commenced in the Court of the district where the cause of action shall arise, and not in any other district. It then proceeds to regulate the bringing of other suits in different courts according to the resi
 
 *40
 
 dence of the parties, and concludes with these words, “ and ^dtere any action shall be brought otherwise than is herein described, such action or suit may be abated on the plea of the defendant.”
 

 Before the passage of this act, an action on the statute of usury might be brought in any court of record in the State, by the very terms of the act of 1741, ch. 11. For the statute of 21st Jac. 1, which confines actions on penal statutes to the counties where the offence was committed, does not extend to penal statutes, subsequently passed ; as appears to be well settled by many decisions : tliqugh Lord Holt entertained a different opinion.
 
 *
 
 The action then remained transitory as it was at common law, and the Plaintiff might declare in any county he pleased, subject to the ordinary power of the court of changing the
 
 Visne.
 
 No alteration in this respect was made by the Court Law enacted in 1746, ch.
 
 11;
 
 which in allotting the then existing counties to the three Superior Courts, (if they may be so called) of Edenton, Edgecombe and Wilmington, only provides that where the
 
 Visne
 
 is laid in certain counties, the trial shall be by
 
 Nisi Prius,
 
 at the three places last mentioned : But as to laying the
 
 Visne,
 
 though it directs that local actions, or rather all actions shall be laid in the county where the cause of action shall arise, yet it expressly excepts criminal cases and transitory actions. When the act of 1777 made penal actions local, it also provided the manner in which the want of jurisdiction should be excepted to; and this manner differed from that which had been prescribed by the 21st Jac. 1, ch. 4. According to which, if the offence be not laid and alleged. to have been committed in the county where it was in truth committed, the Defendant, upon the general issue, shall be found not guilty. And I think that this difference in the provision of the two laws must be attended with a correspondent difference in practice, and that the Defendant cannot, under the act of 1777, avail
 
 *41
 
 himself of the want of jurisdiction after pleading the general issue, as he might have done by pleading in abatement. The objection taken by the Defendant in this case, is properly to the jurisdiction of the Court: he might have availed himself of it in the shape of a plea to the jurisdiction in abatement of the suit
 
 •,
 
 and it is more fit to be decided by the Court than by the jury upon the general issue. The statute of 21st Jac. already cited, enables the Defendant to plead the general issue, and give the special matter in evidence: yet, under expressions thus comprehensive, the Defendant cannot avail himself of any matter which goes to the jurisdiction of the Court.
 
 *
 
 In the case of the Kinlocks
 
 †
 
 they objected to being tried before the Special Commission, sitting in England, on the ground that the offence was committed in Scotland. But it was held that the objection being in the nature of a plea to the jurisdiction of the Court, could not be made on the issue of
 
 not guilty;
 
 nor could any evidence in support of the objection be received on that issue. The general rule to be collected from the books is, that, in general, objections to the jurisdiction of the Supeiior Courts must be pleaded
 
 ;
 
 and, wherever the objection can be taken on the general issue, I think it will be found to apply only to those cases where the action is in its nature local, as relating to the possession of land;
 
 ‡
 
 or where a Court has no jurisdiction at common law; or where no Court of the State has jurisdiction 5 or it has been taken away by statute, without prescribing the manner in which the objection shall be
 
 taken;
 
 as in the case of Parker
 
 v.
 
 Elling,
 
 §
 
 when a public statute enacted that “ no action for any debt not amounting to forty shillings and recoverable by that act, shall be brought against any person residing within the jurisdiction of the Court of Requests in the island of Ely, in the Courts at Westminster.” An action -was brought on such a debt, and the objection was taken on the general issue.
 

 
 *42
 
 The opinion of the Court takes the distinction which ap-Pears mc to reach the whole length of this case. “ Some acts of Parliament, giving a peculiar jurisdiction, require that it shall be pleaded, in case the parties claiming the privilege shall be sued
 
 elsewhere;
 
 and others direct that a suggestion shall be made on the
 
 roll; and in those cases the methods pointed out by the respective statutes must be
 
 pursued. But here is a general law, of which we are bound to take notice, &c.” It is true that an intimation was given by the same judge - in
 
 Taylor v.
 
 Blair,
 
 *
 
 that even on the general issue, if the objection were made at the trial, the Plaintiff might be
 
 non-suited;
 
 but the decision itself is founded on the same principles stated in the opinion of the Court in
 
 Parker v. Elling.
 
 In conformity with these cases is the opinion of
 
 Chitty
 

 †
 

 — “ The methods pointed out by the respective statutes must be strictly pursued.”
 

 *
 

 Rex
 
 v.
 
 Gaul, 1 Salk. 372-3 — -French
 
 v.
 
 Cochran, Andrews 25.
 

 *
 

 4 Term Rep. 109.
 

 †
 

 Foster 16.
 

 ‡
 

 3 Mass. 24.
 

 §
 

 1 East 352.
 

 *
 

 3 Term Rep. 452.
 

 †
 

 1 Plead. 421,